# IN THE SUPREME COURT OF TEXAS

═══════════
No. 18-0508
═══════════

## IN THE INTEREST OF N.G., A CHILD

═══════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIFTH DISTRICT OF TEXAS
═══════════════════════════════════════

### PER CURIAM

Texas Family Code section 161.001(b) allows for involuntary termination of parental rights if clear and convincing evidence supports that a parent engaged in one or more of the twenty-one enumerated grounds for termination and that termination is in the best interest of the child. TEX. FAM. CODE § 161.001(b)(1)(A)–(U), (b)(2). To affirm a termination judgment on appeal, a court need uphold only one termination ground—in addition to upholding a challenged best interest finding—even if the trial court based the termination on more than one ground. *See id.* § 161.001(b); *see also* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *In re K-A.B.M.*, 551 S.W.3d 275, 284 (Tex. App.—El Paso 2018, no pet.) ("Only one predicate finding under Section 161.001(b)(1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest." (citation omitted)); *In re S.F.*, 32 S.W.3d 318, 320 (Tex. App.—San Antonio 2000, no pet.) (explaining that only one basis

under the statute is necessary to terminate rights in addition to finding that termination is in the best interest of the child).

On October 25, 2015, the Department of Family and Protective Services (the Department) received allegations of neglectful supervision and physical neglect of the child, N.G. The Department determined that the adults living in N.G.'s home had exposed the child to methamphetamine and marijuana and that N.G. was living in a "hoarder home." The Department placed N.G. in protective custody.

N.G.'s mother had a criminal history involving methamphetamine use and possession. N.G.'s father had previously been incarcerated for a drug offense, and at the time the Department placed N.G. in protective custody, the father was imprisoned for violating probation for a robbery charge. Throughout the case, the trial court ordered the mother and father to complete educational services, drug and alcohol treatments, and counseling services. Both parents failed to submit to drug testing on multiple occasions, and both failed to comply with the other court-ordered services.

After a trial, the trial court issued an order terminating each parent's parental rights and awarding the Department sole managing conservatorship. The trial court terminated both parents' parental rights under three grounds—section 161.001(b)(1)(D), (E), and (O) of the Texas Family Code—in addition to finding that termination was in N.G.'s best interest. *See* TEX. FAM. CODE § 161.001(b)(1)(D), (E), (O), (b)(2). The parents timely appealed.

Each parent separately challenged the legal and factual sufficiency of the evidence to support the trial court's findings for termination of their parental rights to N.G. ___ S.W.3d ___, ___ (Tex. App.—Dallas 2018) (mem. op.). The mother also asserted that the trial court's order failed to

specify the actions necessary for her to obtain N.G.'s return under Family Code section 161.001(b)(1)(O). *See id.* at \_\_\_. The court of appeals affirmed the trial court's termination. *Id.* at \_\_\_. The court of appeals held that the evidence was both legally and factually sufficient to support the trial court's finding as to both the mother and father under section 161.001(b)(1)(O), and that termination of the mother's and father's parental rights was in N.G.'s best interest. *Id.* at \_\_\_. Because the court of appeals found termination sufficient under section 161.001(b)(1)(O), it declined to review the legal or factual sufficiency of the evidence under section 161.001(b)(1)(D) or (E). *See id.* at \_\_\_.

Only the mother petitioned for review in this Court. The issues before us include: (1) whether a parent, whose parental rights were terminated by the trial court under multiple grounds, is entitled to appellate review of the section 161.001(D) and (E) grounds because of the consequences these grounds could have on their parental rights to other children—even if another ground alone is sufficient to uphold termination; and (2) whether the court of appeals erred in failing to address whether the trial court's order was sufficiently specific to warrant termination under section 161.001(b)(1)(O).

Under section 161.001(b)(1)(D), parental rights may be terminated if clear and convincing evidence supports that the parent "knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child." TEX. FAM. CODE § 161.001(b)(1)(D). Section 161.001(b)(1)(E) allows for termination of parental rights if clear and convincing evidence supports that the parent "engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-

being of the child." *Id.* § 161.001(b)(1)(E). Parental rights may be terminated under section 161.001(b)(1)(O) if clear and convincing evidence supports that the parent

> failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child.

*Id.* § 161.001(b)(1)(O).

Section 161.001(b)(1)(M) further provides that parental rights may be terminated if clear and convincing evidence supports that the parent "had his or her parent-child relationship terminated with respect to another child based on a finding that the parent's conduct was in violation of Paragraph (D) or (E) or substantially equivalent provisions of the law of another state." *Id.* § 161.001(b)(1)(M). Therefore, when parental rights have been terminated under either section 161.001(b)(1)(D) or (E), that ground becomes a basis to terminate that parent's rights to other children. Because only one ground is required to terminate parental rights—and therefore a section 161.001(b)(1)(M) ground based on a prior termination would be sufficient to terminate parental rights to another child in another termination proceeding—the collateral consequences of terminating parental rights under section 161.001(b)(1)(D) or (E) are significant. *See, e.g.*, *id.* § 161.001(b). Because termination under section 161.001(b)(D) or (E) may have implications for her parental rights to other children, the mother here argues that she is entitled to appellate review for sufficiency of the evidence of these grounds as a matter of due process and due course of law.

The United States Constitution and Texas Constitution provide parents due process rights as to the care, custody, and control of their children. *Compare* U.S. CONST. AMEND. XIV, § 1, *with*

4

TEX. CONST. art. I, § 19.  The United States Constitution mandates that no state shall "deprive any person of life, liberty, or property, without due process of law."  U.S. CONST. AMEND. XIV, § 1.  In Texas, "[n]o citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land."  TEX. CONST. art. I, § 19.  This Court has stated that there is no "meaningful distinction" between due process of the law under the United States Constitution and due course of law under the Texas Constitution.  *See Univ. of Tex. Med. Sch. v. Than*, 901 S.W.2d 926, 929 (Tex. 1995).  Texas courts have, therefore, traditionally followed federal due process precedent.  *See, e.g.*, *Spring Branch Indep. Sch. Dist. v. Stamos*, 695 S.W.2d 556, 560–61 (Tex. 1985) (utilizing federal precedent in a procedural due process claim).

Courts have long recognized that due process "guarantees more than fair process" and "provides heightened protection against government interference with certain fundamental rights and liberty interests."  *Troxel v. Granville*, 530 U.S. 57, 65 (2000) (citations omitted).  One of the most fundamental liberty interests recognized is the interest of parents in the care, custody, and control of their children.  *See id.* at 65–66 ("[T]he custody, care and nurture of the child reside first in the parents, whose primary function and freedom include preparation for obligations the state can neither supply nor hinder." (citation omitted)).

In parental termination cases, due process mandates a clear and convincing evidence standard of proof.  *See In re A.B.*, 437 S.W.3d 498, 502 (Tex. 2014); *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002) (citing *Santosky v. Kramer*, 455 U.S. 745, 769 (1982)).  "Due process compels this heightened standard because terminating the parent-child relationship imposes permanent, irrevocable

5

consequences." *In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007) (citations omitted). "Clear and convincing evidence" means a "measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE § 101.007. Because of this high evidentiary burden at trial, we have concluded that appellate review in parental termination cases also warrants a heightened standard of review. *In re A.B.*, 437 S.W.3d at 502 (holding that when an appellate court reviews the factual sufficiency of evidence underlying grounds for termination of parental rights, the court must "determine whether 'the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the [s]tate's allegations'" (citation omitted)). Further, a parent must be permitted to appeal the termination of parental rights, and due process requires that the appeal be meaningful. *See In re S.K.A.*, 236 S.W.3d 875, 890 (Tex. App.—Texarkana 2007, pet. denied) (citing generally *Douglas v. California*, 372 U.S. 353, 358 (Tex. 1963)).

When due process requires the heightened standard for termination of parental rights by clear and convincing evidence, it follows that due process also requires a heightened standard of review of a trial court's finding under section 161.001(b)(1)(D) or (E), even when another ground is sufficient for termination, because of the potential consequences for parental rights to a different child. A parent may be denied the fundamental liberty interest in parenting only after they have been provided due process and due course of law, and terminating parental rights based on a challenged, unreviewed section 161.0001(b)(1)(D) or (E) finding runs afoul of this principle. *See* U.S. CONST. AMEND. XIV, § 1; TEX. CONST. art. I, § 19. When a parent has presented the issue on appeal, an appellate court that denies review of a section 161.001(b)(1)(D) or (E) finding deprives

the parent of a meaningful appeal and eliminates the parent's only chance for review of a finding that will be binding as to parental rights to other children. *See In re S.K.A.*, 236 S.W.3d at 890 (citing generally *Douglas*, 372 U.S. at 358); *see also, e.g.*, *In re C.M.C.*, 554 S.W.3d 164, 171 (Tex. App.—Beaumont 2018, no pet.) (reasoning that although it found sufficient evidence to support termination under section 161.001(b)(1)(N) and did not need to make a determination under any other grounds to affirm the judgment, it would review the section 161.0001(b)(1)(D) and (E) grounds because of their future consequences and "[b]ecause this is the only possible appeal of those findings, which would be binding in a future proceeding"); *In re I.L.G.*, 531 S.W.3d 346, 357–58 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (Frost, C.J., concurring) (agreeing that the evidence supported termination of parental rights under section 161.001(b)(1)(O), but explaining that the court should also review the section 161.001(b)(1)(E) finding due to its future consequences of authorizing termination of the mother's rights to other children without any predicate showing—stating that "[t]he only time to review it is now. The only place to undo it is here").

In *In re J.F.C.*, we reviewed whether a jury charge's omission of a question as to the child's best interest violated the parents' due process and due course of law rights. 96 S.W.3d at 272–73. Although the parents failed to properly preserve the argument, in reviewing the due process claims, we looked to factors laid out by the United States Supreme Court in *Santosky v. Kramer*. *Id.* at 273 (citing *Santosky*, 455 U.S. at 754). We explained that in the context of parental termination, "due process turns on the balancing of three distinct factors": (1) "the private interests affected by the proceeding"; (2) "the risk of error created by the [s]tate's chosen procedure"; and (3) "the countervailing governmental interest supporting use of the challenged procedure." *Id.* (internal

quotations & alterations omitted) (citing *Santosky*, 455 U.S. at 754). Although we held that the state's interest in using the challenged procedure outweighed the parents' fundamental liberty interest in raising their children, thus holding no due process or due course of law violation, our analysis is pertinent in this case. *See id.* at 273–74.

For the first factor, the private interest affected is the mother's fundamental right to raise her child. *See id.* (explaining that the private interest is a "commanding one" because "when a state initiates a parental rights termination proceeding, it seeks not merely to infringe that fundamental liberty interest, but to end it" (internal alteration & citation omitted)). The mother's liberty interest at stake in this case is of the highest importance. *See id.*

For the second factor—"the risk of error created by the [s]tate's chosen procedure"—the procedure at issue is allowing a challenged section 161.001(b)(1)(D) or (E) finding to stand unreviewed on appeal when another ground is sufficient to uphold termination of parental rights. *See id.* This procedure creates the risk that a parent will be automatically denied the right to parent other children even if the evidence supporting the section 161.001(b)(1)(D) or (E) finding were insufficient. *See* TEX. FAM. CODE § 161.001(b)(1)(M).

The third factor in balancing the state's interest against the parent's rights is the state's interest in using the challenged procedure. *See In re J.F.C.*, 96 S.W.3d at 274. The state has a substantial, legitimate interest in protecting children and looking out for their best interests, but parents also have a fundamental liberty interest in the right to parent—particularly, a right to parent other children not involved in the termination proceeding at hand. *See id.* In any parental termination proceeding, the state is immediately concerned with the child in that case, but the state's

8

interest in allowing certain grounds to remain unreviewed on appeal should not outweigh the parent's interest in parental rights to another child. Further, the court can easily review a section 161.001(b)(1)(D) or (E) finding, ensuring that the interests of the child are balanced with the parent's fundamental right to parent, as it already reviews other grounds for termination. Balancing these factors, and considering that the risk of error has significant consequences for future parental rights, we conclude that the parent's fundamental liberty interest at stake outweighs the state's interest in deciding only what is necessary for final disposition of the appeal. Allowing section 161.001(b)(1)(D) or (E) findings to go unreviewed on appeal when the parent has presented the issue to the court thus violates the parent's due process and due course of law rights.

Additionally, when a court of appeals reverses a finding based on insufficient evidence, the court must "detail the evidence relevant to the issue of parental termination and clearly state why the evidence is insufficient to support a termination finding by clear and convincing evidence." *In re A.B.*, 437 S.W.3d at 503 (quoting *In re C.H.*, 89 S.W.3d 17, 19 (Tex. 2002)). We have held that when affirming a trial court's findings of fact, the court of appeals need not specify the relevant evidence because "Family Code [section 161.001] provides a detailed statutory framework to guide the [fact finder] in making its termination findings" and the findings must be made by clear and convincing evidence without "unbridled discretion." *See id.* at 504–05. We reasoned that parental termination proceedings are similar to exemplary damage awards in that they have extra procedural safeguards for appellate review because of the "broad discretion afforded juries in deciding these damages." *Id.* at 504. In affirming termination of parental rights, those discretion concerns are eliminated by the framework of the Family Code, which provides that a fact finder must find by

9

clear and convincing evidence both an enumerated ground for termination and that termination is in the child's best interest. *See id.* at 504–05; TEX. FAM. CODE § 161.001(b)(1), (b)(2). However, because section 161.001(b)(1)(M) alone provides a sufficient basis to terminate parental rights based on a previous section 161.001(b)(1)(D) or (E) finding, the due process concerns, coupled with the requirement for a meaningful appeal, mandate that if a court of appeals affirms the termination on either of these grounds, it must provide the details of its analysis. *See* U.S. CONST. AMEND. XIV, § 1; TEX. CONST. art. I, § 19. *See generally In re S.K.A.*, 236 S.W.3d at 890 (explaining that a parent deserves a meaningful appeal of termination of her parental rights). We hold that due process and due course of law requirements mandate that an appellate court detail its analysis for an appeal of termination of parental rights under section 161.001(b)(1)(D) or (E) of the Family Code.[1]

Next, we address whether the court of appeals erred in failing to review the trial court's order to ensure it was sufficiently specific to warrant termination under section 161.001(b)(1)(O). *See* TEX. FAM. CODE § 161.001(b)(1)(O). In essence, to terminate parental rights under section 161.001(b)(1)(O): (1) the parent must have failed to comply with the provisions of a court order, which (2) specifically established the actions necessary for the parent to receive custody of the child from the Department, which serves as the permanent or temporary conservator of the child. *Id.* The mother argues that the evidence was legally insufficient to support the first prong of section 161.001(b)(1)(O) and that the lower courts are required to review whether the order was sufficiently specific for the mother to follow. In the alternative, the mother argues that this Court should

---

[1] We recognize that this holding may mean that appellate courts will review findings under section 161.001(b)(1)(D) or (E) without reviewing other grounds. Because those other grounds carry no weight for parental rights to other children under section 161.001(b)(1)(M), due process demands no more.

articulate a standard for determining the specificity of a trial court order for purposes of section 161.001(b)(1)(O). The Department argues that the mother cannot assert a claim for legal sufficiency of the service plan for the first time on appeal. However, we note that the mother raised the issue of whether the trial court order was sufficiently specific in the court of appeals, although she did not challenge the service plan itself.

After a permanency hearing, the trial court adopted the Department's service plan and incorporated it into its order. In its permanency hearing order, the trial court stated:

> [H]aving reviewed the service plan filed by [the Department], [the court] finds that the service plan is reasonable, accurate and in compliance with previous orders of this [c]ourt and it does adequately ensure that reasonable efforts are being made to enable the parents to provide a safe environment for the child and the [c]ourt finds that [the Department] has made reasonable efforts to finalize the permanency plan that is in effect.

The court of appeals concluded that the evidence was both legally and factually sufficient to support a finding that the mother failed to comply with the order. ___ S.W.3d at ___. The court of appeals did not review the specificity of the order, however. *See id.* at ___.

A trial court order referenced by section 161.001(b)(1)(O) is a mandate or directive that establishes some steps or actions necessary for the parent to obtain return of the child who is in the Department's custody. *See* TEX. FAM. CODE § 161.001(b)(1)(O); *e.g., In re B.L.R.P.*, 269 S.W.3d 707, 710–11 (Tex. App.—Amarillo 2008, no pet.). The mother analogizes the order to a contempt order for failure to follow child-support directives or divorce decrees. *See generally Ex parte Acker*, 949 S.W.2d 314, 316–17 (Tex. 1997) (orig. proceeding); *Ex parte Slavin*, 412 S.W.2d 43, 44–45 (Tex. 1967) (orig. proceeding); *Ex parte Whitehead*, 908 S.W.2d 68, 69–71 (Tex. App.—Houston

11

[1st Dist.] 1995, orig. proceeding). We have held that to enforce a contempt order, the underlying divorce or child support decree that was violated must "set forth the terms of compliance in clear, specific and unambiguous terms so that the person charged with obeying the decree will readily know exactly what duties and obligations are imposed upon him." *Ex parte Acker*, 949 S.W.2d at 317 (citation omitted); *Ex parte Slavin*, 412 S.W.2d at 44 (citations omitted). In *Acker*, we concluded that there was no way to determine with certainty when the obligation to pay for insurance began because the decree failed to specify what year the obligation started. 949 S.W.2d at 317. In *Slavin*, we held that the language of the support order was ambiguous and therefore unenforceable because the order failed to specify the ex-husband's child support obligation once one of his children reached the age of eighteen. 412 S.W.2d at 45. The Department argues that the trial court's order is similar to pleadings and that any deficiencies should be raised at trial. If pleadings are ambiguous, vague, or otherwise defective, the Department contends they must be challenged in the trial court. *See In re Mem'l Hermann Hosp. Sys.*, 464 S.W.3d 686, 708 (Tex. 2015) (orig. proceeding) (explaining that challenges to pleadings are made through special exceptions in the trial court).

Section 161.001(b)(1)(O) makes clear that an order must be sufficiently specific to warrant termination of parental rights for failure to comply with it. *See* TEX. FAM. CODE § 161.001(b)(1)(O). The trial court is most involved in the termination proceedings and is in the best position to address the specificity of an order. *See generally, e.g.*, *In re B.M.M.*, No. 04-17-00860-CV, 2018 WL 1935442, at *2–3 (Tex. App.—San Antonio Apr. 25, 2018, no pet.) (mem. op.) (deferring to trial court findings in parental termination). In termination proceedings, the trial court can easily resolve

12

any concerns or confusion about the requirements a parent must satisfy to obtain return of a child under Department conservatorship. In determining whether a parent complied with a court order under section 161.001(b)(1)(O), the trial court must decipher the requirements of the order. As noted above, in creating the order, the trial court reviewed the service plan and found it was reasonable. In deciding that the parents failed to comply with the order, the trial court necessarily deciphered the requirements of its order and determined that it was sufficiently specific for the mother to follow.

In the court of appeals, the mother argued that "the evidence was legally and factually insufficient to show that she failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child."[2] *See* ___ S.W.3d at ___. Because a trial court must necessarily decide that a court order is sufficiently specific for the parent to comply before terminating a parent's rights under section 161.001(b)(1)(O), a trial court cannot terminate parental rights for failure to comply without first considering the order's specificity. *See* TEX. FAM. CODE § 161.001(b)(1)(O). Likewise, an appellate court errs when it upholds termination under a section 161.001(b)(1)(O) finding without considering the specificity of the order. Here, the court of appeals noted that the mother did not argue the service plan itself was not sufficiently specific, characterizing her challenge as to the specificity of the order only. *See* ___ S.W.3d at ___. Because the trial court incorporated the service plan into the order, however, we conclude that the mother's challenge encompassed the specificity of the service plan. While the

---

[2] We note that the mother did not raise an issue under section 161.001(d), which provides exceptions to termination of parental rights under 161.001(b)(1)(O). *See* TEX. FAM. CODE § 161.001(d). As such, we do not address section 161.001(d) here.

court of appeals held that the evidence was legally and factually sufficient to support the trial court's finding that the mother failed to comply with the provisions of the order under section 161.001(b)(1)(O), it did not address the specificity of the order's provisions. *See id.* at ___. We hold that the court of appeals erred in failing to address the specificity of the order, which included the service plan.

Without hearing oral argument, *see* TEX. R. APP. P. 59.1, we grant the petition for review and reverse the court of appeals' judgment affirming the trial court's termination of the mother's parental rights because the court of appeals erred in failing to review the legal and factual sufficiency of the evidence to support section 161.001(b)(1)(D) and (E) findings as grounds for termination, and because the court of appeals failed to address the specificity of the order under section 161.001(b)(1)(O). Therefore, we remand the case to the court of appeals for further proceedings consistent with this opinion.

OPINION DELIVERED:  May 17, 2019