# IN THE SUPREME COURT OF TEXAS

═══════════

No. 18-1034

═══════════

IN THE INTEREST OF C.W., A CHILD

══════════════════════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTH DISTRICT OF TEXAS

══════════════════════════════════════════

**PER CURIAM**

In this parental termination case, the trial court terminated the mother's rights to her fourteen-year-old child under Texas Family Code sections 161.003 and 161.001(b)(1)(D), (N), and (O) based on evidence that the mother was subjecting the child to prostitution. *See* TEX. FAM. CODE §§ 161.001(b)(1)(D), (N), (O), 161.003. On appeal, the mother argued that: (1) the evidence was legally and factually insufficient to support termination under section 161.003(a)(1) and (2) and section 161.001(b)(1)(D), (N), and (O); and (2) in the alternative, the evidence was legally and factually insufficient to support that termination was in the child's best interest. The court of appeals upheld termination of the mother's parental rights based only on section 161.001(b)(1)(O) and held that termination was in the child's best interest. ___ S.W.3d ___, ___ (Tex. App.—San Antonio 2018) (mem. op.). In this Court, the mother asserts that the court of appeals erred in:

(1) upholding the trial court's finding that termination was in the child's best interest; and (2) failing to address the section 161.001(b)(1)(D) ground when it was preserved on appeal.[1]

Texas Family Code section 161.001(b) allows for involuntary termination of parental rights if clear and convincing evidence supports that a parent engaged in one or more of the twenty-one enumerated grounds for termination and that termination is in the best interest of the child. TEX. FAM. CODE § 161.001(b). To affirm termination of parental rights on appeal, appellate courts often detail the evidence in support of only one termination ground—in addition to upholding a challenged best interest finding—even if the trial court based the termination on more than one ground. *See In re N.G.*, 577 S.W.3d 230, 232 (Tex. 2019); *see also* TEX. FAM. CODE § 161.001(b); TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

Parental rights may be terminated under section 161.001(b)(1)(D) if clear and convincing evidence supports a finding that the parent "knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child." TEX. FAM. CODE § 161.001(b)(1)(D). Parental rights may be terminated under section 161.001(b)(1)(O) if clear and convincing evidence supports that the parent "failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child." *Id.* § 161.001(b)(1)(O).

---

[1] In her petition for review, the mother also challenged the sufficiency of the evidence under section 161.003, but she abandoned that issue in her brief on the merits. Accordingly, we do not address that issue. *See Windrum v. Kareh*, ___ S.W.3d ___, ___ n.3 (Tex. 2019) (declining to address an issue listed in the petition for review but abandoned in subsequent briefing).

Section 161.001(b)(1)(M) provides that a court may terminate parental rights if the parent previously "had his or her parent-child relationship terminated with respect to another child based on a finding that the parent's conduct was in violation of Paragraph (D) or (E) or substantially equivalent provisions of the law of another state." *Id.* § 161.001(b)(1)(M). Because a trial court's finding under either section 161.001(b)(1)(D) or (E) has consequences for termination of parental rights as to other children under section 161.001(b)(1)(M), termination on those grounds implicates significant due process concerns for a parent's care, custody, and control of her children. *See id.* § 161.001(b)(1)(D), (E), (M); *see also* U.S. CONST. amend. XIV, § 1; TEX. CONST. art. I, § 19; *N.G.*, 577 S.W.3d at 234.

As to whether termination of the mother's rights was in the child's best interest, the court of appeals thoroughly detailed and analyzed the evidence, holding that the trial court could have reasonably formed a firm belief that termination of the mother's parental rights was in the child's best interest. ___ S.W.3d at ___; *see In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005) (explaining the standard for legal sufficiency review in a parental termination case). The evidence, which the court of appeals held was legally and factually sufficient, shows that the child was likely being sexually abused, the mother was likely forcing the child into prostitution, the child did not wish to live with the mother in a homeless shelter, and the mother would pose a threat to the child if the child were in the mother's care. *See* ___ S.W.3d at ___. We agree with the court of appeals that the evidence was legally sufficient to uphold that termination of the mother's rights was in the child's best interest.

3

We recently held in *In re N.G.* that when a trial court makes a finding to terminate parental rights under section 161.001(b)(1)(D) or (E) and the parent challenges that finding on appeal, due process requires the appellate court to review that finding and detail its analysis. 577 S.W.3d at 235–36. Here, the court of appeals upheld termination of the mother's parental rights only under section 161.001(b)(1)(O). ___ S.W.3d at ___. Because the mother specifically challenged the legal and factual sufficiency of the evidence to support the trial court's finding under section 161.001(b)(1)(D), a finding which can affect her parental rights to other children under section 161.001(b)(1)(M), we hold that the court of appeals erred in failing to address the mother's challenge to the section 161.001(b)(1)(D) finding. Accordingly, without hearing oral argument, *see* TEX. R. APP. P. 59.1, we grant the mother's petition, affirm in part and reverse in part the court of appeals' judgment, and remand the case to the court of appeals for further proceedings consistent with this opinion.

OPINION DELIVERED: October 18, 2019