# IN THE SUPREME COURT OF TEXAS

═══════════════

No. 20-0432

═══════════════

IN THE INTEREST OF L.C.L. AND M.E.M., CHILDREN

═══════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTEENTH DISTRICT OF TEXAS

═══════════════

JUSTICE LEHRMANN, joined by JUSTICE BLAND, concurring in the denial of the petitions for review.

The Department of Family and Protective Services petitions for review of the court of appeals' judgment reversing the trial court's order terminating Mother's parental rights to her two children. Mother filed a cross-petition, asserting that the court of appeals erred in remanding the case to the trial court rather than rendering judgment in her favor. I concur in the denial of the petitions to note a disagreement among the courts of appeals—regarding the interplay between a parent's drug use and a trial court's endangerment findings—that this Court should resolve in the proper case. I further note a recent decision issued by this Court that has some bearing on the resolution of that disagreement. *See In re J.F.-G.*, ___ S.W.3d ___, 2021 WL 2021138 (Tex. May 21, 2021).

The trial court in this case found by clear and convincing evidence that Mother (1) "knowingly placed or knowingly allowed the child[ren] to remain in conditions or surroundings which endanger the physical or emotional well-being of the child[ren]," TEX. FAM. CODE § 161.001(b)(1)(D); (2) "engaged in conduct or knowingly placed the child[ren] with

persons who engaged in conduct which endangers the physical or emotional well-being of the child[ren]," *id.* § 161.001(b)(1)(E); and (3) "failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child[ren] who ha[ve] been in the permanent or temporary managing conservatorship of the Department . . . for not less than nine months as a result of the child[ren]'s removal from the parent . . . for the abuse or neglect of the child[ren]," *id.* § 161.001(b)(1)(O). The trial court further found that termination was in the children's best interest.

A divided *en banc* court of appeals reversed. 599 S.W.3d 79 (Tex. App.—Houston [14th Dist.] 2020). The court held: legally insufficient evidence supported the trial court's findings under subsections (D) and (E), *id.* at 84–86; legally and factually sufficient evidence supported the trial court's finding under subsection (O), *id.* at 86; and legally sufficient, but factually insufficient, evidence supported the trial court's best-interest finding, *id.* at 89. Because one predicate finding under section 161.001(b)(1) is sufficient to support a termination judgment when there is also a finding that termination is in a child's best interest, *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003), the court of appeals remanded the case to the trial court for a new trial only on best interest, 599 S.W.3d at 91.

The children were initially removed based on a report of suspected neglect and Mother's testing positive for cocaine and marijuana. Over the course of the proceedings, Mother tested positive for drugs five times and failed to appear for numerous additional drug screenings, resulting in a presumed positive test on those occasions. The positive drug tests continued despite the fact that they had resulted in the Department's stopping Mother's visitation with the

2

children.  Mother also failed to participate in substance-abuse counseling despite several referrals and scheduled appointments.

In rejecting the trial court's findings as to subsections (D) and (E), the court of appeals concluded that a parent's "mere drug use alone" does not constitute endangerment and that the record reflected no "causal connection between Mother's drug use and the alleged endangerment" of her children.  *Id.* at 84–85.  The dissent opined that the majority had "overrule[d] almost a decade of authority from [that] court" and created a conflict with the other courts of appeals.  *Id.* at 96–97 (Wise, J., dissenting); *see, e.g.*, *In re GC*, No. 14-18-01114-CV, 2019 WL 2063038, at *7 (Tex. App.—Houston [14th Dist.] May 9, 2019, pet. denied) (mem. op.) (citing precedent from that court that "a parent's decision to engage in illegal drug use during the pendency of a termination suit, when the parent is at risk of losing the child, may support a finding to a clear and convincing degree that the parent engaged in conduct that endangered the child's physical or emotional well-being"); *Walker v. Tex. Dep't of Family & Protective Servs.*, 312 S.W.3d 608, 617 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (holding that illegal drug use may support termination under subsection (E) because "it exposes the child to the possibility that the parent may be impaired or imprisoned"), *cited by, e.g.*, *In re A.L.*, No. 06-14-00050-CV, 2014 WL 5204888, at *7 (Tex. App.—Texarkana Oct. 8, 2014, no pet.) (mem. op.); *see also In re S.N.*, 272 S.W.3d 45, 52 (Tex. App.—Waco 2008, no pet.) ("Evidence of illegal drug use or alcohol abuse by a parent is often cited as conduct which will support an affirmative finding that the parent has engaged in a course of conduct which has the effect of endangering the child.").

As noted, the court of appeals concluded that the evidence supported the trial court's subsection (O) finding, such that the propriety of the termination judgment does not hinge on subsection (D) or (E).[1] Accordingly, this Court's agreement (or disagreement) with the court of appeals' endangerment analysis would not, by itself, affect the judgment in this case. However, the apparent conflict among the courts of appeals regarding the connection between drug use and endangerment warrants this Court's attention in a case where a subsection (D) or (E) finding is necessary to the judgment.

I further note this Court's recent opinion in *In re J.F.-G.*—issued after the court of appeals' opinion in this case—in which the father argued that his parental rights had been terminated impermissibly under subsection (E) solely because of his imprisonment. ___ S.W.3d at ___, 2021 WL 2021138, at *4; *see Tex. Dep't of Hum. Servs. v. Boyd*, 727 S.W.2d 531, 533–34 (Tex. 1987) (holding that "mere imprisonment will not, standing alone, constitute engaging in conduct which endangers the physical or emotional well-being of the child"). We rejected the father's argument, reaffirming that under subsection (E), endangering conduct "need not be directed at the child," "[n]or must the child actually suffer injury." *In re J.F.-G.*, ___ S.W.3d at ___, 2021 WL 2021138, at *5 (citation and quotations omitted). Rather, "[a] parent's criminal history—taking into account the nature of the crimes, the duration of incarceration, and whether a pattern of escalating, repeated convictions exists—can support a finding of endangerment." *Id.*

---

[1] The court of appeals was nevertheless required to examine the trial court's findings with respect to subsections (D) and (E) because of the findings' potential effect on Mother's rights with respect to future children. *See* TEX. FAM. CODE § 161.001(b)(1)(M) (providing as a ground for termination that the parent has "had his or her parent–child relationship terminated with respect to another child based on a finding that the parent's conduct was in violation of Paragraph (D) or (E)"); *In re N.G.*, 577 S.W.3d 230, 235 (Tex. 2019) ("When a parent has presented the issue on appeal, an appellate court that denies review of a section 161.001(b)(1)(D) or (E) finding deprives the parent of a meaningful appeal [even if another statutory ground supports termination] and eliminates the parent's only chance for review of a finding that will be binding as to parental rights to other children.").

In this case, the court of appeals took the position that "mere drug use" cannot support an endangerment finding, 599 S.W.3d at 85, akin to our holding that "mere imprisonment" does not support such a finding. But just as imprisonment cannot be viewed in a vacuum, neither can a parent's drug use. *See In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009) ("[A] parent's use of narcotics and its effect on his or her ability to parent may qualify as an endangering course of conduct."); *see also Boyd*, 727 S.W.2d at 533–34 (holding that danger to the child may be inferred from parental misconduct). Our discussion of imprisonment as part of an endangering course of conduct in *In re J.F.-G.* bears on the proper consideration of a parent's drug use as part of an endangering course of conduct under subsection (D) or (E).

With these additional thoughts, I concur in the Court's denial of the petitions for review.

_____
Debra H. Lehrmann
Justice

**OPINION DELIVERED:** June 25, 2021

5