

IN THE
TENTH COURT OF APPEALS

No. 10-24-00138-CV

IN THE INTEREST OF K.E.S., K.Y.S., AND K.A.S., CHILDREN

From the County Court at Law
Hill County, Texas
Trial Court No. CV166-23CCL

MEMORANDUM OPINION

Following a bench trial, C.S. appeals the trial court's judgment terminating her parental rights to K.E.S, K.Y.S, and K.A.S. In five issues, C.S. challenges the legal and factual sufficiency of the evidence supporting each of the predicate grounds for termination found by the trial court.[1] *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (b)(1)(E), (b)(1)(L), (b)(1)(N), (b)(1)(O). In her fifth issue, C.S. also argues that Subsection

---

[1] C.S. does not challenge the trial court's best-interest finding on appeal. *See* TEX. FAM. CODE ANN. § 161.001(b)(2).

L cannot serve as a basis for termination because it was not pled by the Department. We affirm.

STANDARDS OF REVIEW

The standards of review for legal and factual sufficiency in cases involving the termination of parental rights are well established and will not be repeated here. *See In re J.O.A.*, 283 S.W.3d 336, 344-45 (Tex. 2009); *In re J.F.C.*, 96 S.W.3d 256, 264-68 (Tex. 2002); *see also In re J.F.-G.*, 612 S.W.3d 373, 381-82 (Tex. App.—Waco 2020), *aff'd*, 627 S.W.3d 304 (Tex. 2021). If multiple predicate violations are found by the factfinder, we will affirm based on any one finding because only one finding is necessary for termination of parental rights when there is also a finding that termination is in the child's best interest. *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003); *see In re J.S.S.*, 594 S.W.3d 493, 503 (Tex. App.—Waco 2019, pet. denied). But if one of the predicate grounds is based on endangerment under Subsection D or E, we are required to fully address that ground, if presented on appeal, based on future collateral consequences of such a finding. *See In re N.G.*, 577 S.W.3d 230, 234-37 (Tex. 2019). We give due deference to the factfinder's findings and must not substitute our judgment for that of the factfinder. *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006). The factfinder is the sole judge of the credibility of the witnesses and the weight to give their testimony. *Jordan v. Dossey*, 325 S.W.3d 700, 713 (Tex. App.—Houston [1st Dist.] 2010, pet. denied).

DISCUSSION

In C.S.'s second issue, she complains that the evidence was legally and factually insufficient to support the trial court's finding under Subsection E that she "engaged in conduct or knowingly placed the child[ren] with persons who engaged in conduct which endangers the physical or emotional well-being of the child[ren]." TEX. FAM. CODE ANN. § 161.001(b)(1)(E).

To "endanger" means to expose the child to loss or injury, to jeopardize. *Tex. Dep't. of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987). The relevant inquiry under Subsection E is whether sufficient evidence exists that the endangerment of the child's well-being was the direct result of the parent's conduct, including acts, omissions, or failures to act. *In re E.M.*, 494 S.W.3d 209, 222 (Tex. App.—Waco 2015, pet. denied). Scienter is not required for a parent's own acts to constitute endangerment under Subsection E. *See In re L.S.*, No.10-22-00119-CV, 2022 Tex. App. LEXIS 6332, 2022 WL 3655395, at *4 (Tex. App.—Waco Aug. 24, 2022, no pet.) (mem. op.). It is not necessary to show that the parent's conduct was directed at the child or that the child suffered actual injury. *Boyd*, 727 S.W.2d at 533. The specific danger to the child's well-being may be inferred from the parent's misconduct alone. *Id.* In an analysis under Subsection E, we may consider conduct before and after the child's removal. *In re S.R.*, 452 S.W.3d 351, 360 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

A parent's drug use may support termination under Subsection E. *See In re J.O.A.*, 283 S.W.3d at 345; *see In re R.R.A.*, 687 S.W.3d 269, 278 (Tex. 2024). The parent's failure to remain drug free while her parental rights to her child are in jeopardy may also support a finding of endangering conduct under Subsection E. *See Vasquez v. Tex. Dep't. of Protective & Regul. Servs.*, 190 S.W.3d 189, 196 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). In general, a parent's conduct that subjects a child to a life of uncertainty and instability endangers the physical and emotional well-being of that child. *Boyd*, 727 S.W.2d at 531.

C.S. is the adoptive mother of K.E.S., K.Y.S, and K.A.S. The Texas Department of Family and Protective Services ("the Department") initiated its investigation in this case due to allegations of methamphetamine use and domestic violence between C.S. and her boyfriend.[2] As part of the Department's investigation, C.S. and the three children submitted to drug tests shortly after the children were removed. The drug test results were admitted into evidence at the final hearing. C.S. tested positive for methamphetamine, amphetamine, hydrocodone, and codeine. All three children tested positive for methamphetamine.

Based on the children's positive drug test results, C.S. was criminally charged with three counts of endangering a child. *See* TEX. PENAL CODE ANN. § 22.041(f). The charging instrument, which was admitted into evidence at the final hearing, alleged that C.S.

---

[2] The details regarding these domestic violence allegations were not developed at the final hearing.

endangered each of the three children by "consuming methamphetamines within the proximity of the child" on or about March 28, 2023, which was the day before the Department removed the children. C.S. pled guilty to all three counts of endangering her children and was placed on deferred adjudication community supervision. *See In re T.M.*, No. 11-21-00020-CV, 2021 Tex. App. LEXIS 7327, 2021 WL 3923941, at \*4-5, 11 (Tex. App.—Eastland Sept. 2, 2021, no pet.) (mem. op.).

C.S. submitted to a urinalysis drug test on July 7, 2023 and was negative for controlled substances. According to the testimony, the Department was then contacted by C.S.'s probation officer in August of 2023. The probation officer informed the Department that C.S. tested positive for methamphetamine and amphetamine.[3] C.S. was scheduled to visit the children the following day; however, the Department cancelled the visit based on its concern that C.S. might still be under the influence of methamphetamine. Due to her positive drug test, the trial court suspended C.S.'s visits with the children until C.S. provided a clean hair drug test.

After her failed drug test, C.S. was offered drug treatment through the SAFPF program in her criminal case, which she declined. Instead, the trial court adjudicated C.S.

---

[3] C.S. argues that the Department's testimony regarding the results of her failed drug test for the probation department was hearsay and should not be considered in our analysis. However, the complained-of testimony was not objected to at the final hearing. Unobjected-to hearsay is probative evidence. *See* TEX. R. EVID. 802; *See also In re A.L.A.*, No. 10-21-00077-CV, 2021 Tex. App. LEXIS 7817, 2021 WL 4307483, at \*3-4 (Tex. App.—Waco Sept. 22, 2021, no pet.) (mem. op.); *In re R.H.W. III*, 542 S.W.3d 724, 734 (Tex. App.—Houston [14th Dist.] 2018, no pet.). The trial court was free to rely upon the Department's unobjected-to testimony regarding C.S.'s failed drug test through the probation department in reaching its decision.

guilty on all three counts of endangering a child and sentenced her to 24 months in state jail. While imprisonment alone is not a basis to terminate a parent's rights, it is an appropriate factor to consider because when a parent is incarcerated, he or she is absent from the child's daily life and unable to provide support to the child, negatively impacting the child's living environment and emotional well-being. *See In re M.R.J.M.*, 280 S.W.3d 494, 503 (Tex. App.—Fort Worth 2009). C.S. was still incarcerated at the time of the final hearing and testified that, depending on the award of diligent participation credit, she might remain incarcerated until May of 2025. Visitation between C.S. and the children never resumed because C.S. did not provide a clean drug test before she was adjudicated and sentenced to serve time in prison. The children's caregiver also testified that C.S. had not provided any support, clothing, or gifts to the children since their placement.

At the final hearing, C.S. testified that while incarcerated, she has voluntarily participated in several classes, pursued her electrical license, and completed a psychological examination through the prison. She informed the trial court that her time in custody has given her a new perspective, and that through her courses and experiences in prison, she learned to be a positive role model and parent to her children. C.S. further denied ever intentionally or knowingly using methamphetamine and attributed both of her positive drug tests to mishandling her prescription medications. She posited that other individuals may have been responsible for her children testing positive for

methamphetamine, or alternatively suggested that she may have also mishandled the children's medication. Though she disputed her drug test results and the drug test results of the three children, C.S. agreed with her attorney that it may be difficult for the Court to understand her explanation for the positive drug tests and said she understood the "difficulties the Court or the Department may have with respect to the drug issue" with her.

Considering the foregoing, we conclude that the evidence is legally and factually sufficient to establish that C.S. engaged in conduct that endangered the physical or emotional well-being of K.E.S, K.Y.S, and K.A.S. We overrule C.S.'s second issue. Because we find the evidence is legally and factually sufficient under Subsection E, we do not need to address C.S.'s first, third, fourth, and fifth issues regarding Subsections D, L, N, and O. *See In re E.P.*, No. 10-22-00086-CV, 2022 Tex. App. LEXIS 5250, 2022 WL 2977479, at *8 (Tex. App.—Waco July 27, 2022, no pet.) (mem. op.).

**Conclusion**

Having overruled C.S.'s issues on appeal, we affirm the judgment of the trial court.

STEVE SMITH
Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Affirmed

