# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-25-00248-CV

---

**R. R., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

### FROM THE 146TH DISTRICT COURT OF BELL COUNTY
### NO. 23DFAM342931, THE HONORABLE DALLAS SIMS, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

R.R. appeals the trial court's Decree of Termination, which terminates her parental rights to daughters I.C.R. and D.R. R.R.'s attorney on appeal has filed an *Anders* brief, concluding that R.R.'s appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam) (approving use of *Anders* procedure in appeal from judgment terminating parental rights).

The *Anders* brief meets the necessary requirements by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. *See* 386 U.S. at 744; *Taylor v. Texas Dep't of Protective & Regul. Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied). In connection with the *Anders* brief that R.R.'s appellate attorney has filed, the attorney has certified to this Court that he has provided R.R. with a copy of the brief. To date, R.R. has not filed a *pro se* brief. The Department has a filed a response stating that it will not file a brief regarding R.R.'s appeal unless requested by this Court.

Upon receiving an *Anders* brief, we must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988); *Taylor*, 160 S.W.3d at 647. We have conducted an independent review of the entire record, including the *Anders* brief submitted on R.R.'s behalf, and have found nothing in the record that might arguably support an appeal. Our review included the trial court's endangerment findings against R.R. under Paragraphs (D) and (E), and we have found no nonfrivolous issues that could be raised on appeal with respect to those findings. *See In re N.G.*, 577 S.W.3d 230, 237 (Tex. 2019) (per curiam). We agree that R.R.'s appeal is frivolous and without merit.

**CONCLUSION**

We affirm the trial court's Decree of Termination. R.R.'s counsel's motion to withdraw is denied.[1]

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Kelly and Ellis

Affirmed

Filed: August 12, 2025

_____

[1] The Supreme Court of Texas has held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings [in that Court], including the filing of a petition for review." *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam). Accordingly, counsel's obligation to R.R. has not yet been discharged. *See id.* If after consulting with counsel, R.R. desires to petition for review, her counsel should timely file with the Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See id.* at 27–28.

2