

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-25-00290-CV

IN THE INTEREST OF M.L.L., A.M.L., AND B.F.L., CHILDREN

On Appeal from the 233rd Judicial District Court
Gray County, Texas
Trial Court No. 41469, Honorable Phil N. Vanderpool, Presiding

January 30, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant D.H., biological mother ("Mother") of M.L.L., A.M.L., and B.F.L. (the "Children"), proceeding pro se, challenges the trial court's judgment terminating her parental rights. As her sole issue she claims the trial court erred by excluding evidence occurring before the 2018 divorce decree at both the temporary hearing in April 2025 and the trial in September 2025.[1] We hold Mother failed to preserve this issue for review.

---

[1] Mother identifies two additional issues in her brief: (1) the exclusion of the evidence violated her due process rights and (2) the exclusion of evidence was harmful. These additional issues are essentially related to the primary issue of whether the trial court improperly excluded evidence. Therefore, Mother has substantively raised only one issue.

Before we may review a complaint regarding a trial court's action, the appellant must bring the error to the attention of the trial court—by making either a motion, request, or objection—to afford the trial court an opportunity to fix the alleged error. TEX. R. APP. P. 33.1; TEX. R. EVID. 103(a). At the April hearing, before the questioning of any of the witnesses began, the following exchange took place:

> [FATHER'S ATTORNEY]: The rules of evidence apply to this hearing even though [Mother] is a pro se party. And that the prior order in this case was June 7th of 2018, and any evidence before—from a date before June 7th of 2018 is res judicata, and not to be discussed at this time.
>
> THE COURT:      Do [you] understand that, [Mother]?
>
> [MOTHER]:        Uh-huh.
>
> THE COURT:      All right. [Mother] is so instructed.

At no point during the April hearing did she make an argument, request, or motion to the court to be allowed to discuss evidence from before the 2018 divorce decree; nor did she make an offer of proof of the evidence she would have presented. Therefore, we cannot assess the harm, if any, of the exclusion of the evidence. TEX. R. EVID. 103(a)(2), (c).[2]

Even when Mother was represented by counsel for the September trial, her attorney was told by the court: "Anything that happened before this prior court order is not admissible." Mother neither made a request for the trial court to revisit its evidentiary ruling, nor did she make an offer of proof of the evidence she would have presented.

---

[2] Pro se litigants, like licensed attorneys, must comply with the rules of procedure. *Li v. Pemberton Park Cmty. Ass'n*, 631 S.W.3d 701, 705–06 (Tex. 2021).

Thus, Mother failed to preserve her issue for review.  Accordingly, we overrule her issue.[3]  The judgment of the trial court is affirmed.

Because we have resolved this appeal, Mother's pending *Motion to Stay Adoption and Irreversible Placement Pending Appeal* is denied.

Alex Yarbrough
Justice

---

[3] Normally, "[w]hen a parent has presented the issue on appeal, an appellate court that denies review of a section 161.001(b)(1)(D) or (E) finding deprives the parent of a meaningful appeal and eliminates the parent's only chance for review of a finding that will be binding as to parental rights to other children." *In the Interest of N.G.*, 577 S.W.3d 230, 235 (Tex. 2019).  Although the trial court found against Mother on the grounds of subsections (D) and (E), she did not challenge the findings and instead chose as her sole issue the evidentiary rulings of the trial court.  Therefore, we are not required to review the trial court's findings under subsections (D) and (E).  *See In the Int. of D.M.*, No. 07-25-00235-CV, 2025 Tex. App. LEXIS 8255, at *7 (Tex. App.—Amarillo Oct. 27, 2025, no pet.) (mem. op.).