**Affirmed and Memorandum Opinion filed February 23, 2023.**



In The

# Fourteenth Court of Appeals

### NO. 14-22-00628-CV

## IN THE INTEREST OF J.M.F., JR., A CHILD

**On Appeal from the 315th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-04346J**

## MEMORANDUM OPINION

Appellant C.M.M. ("Mother") appeals the trial court's final order terminating her parental rights to her child J.M.F., Jr. ("Juda").[1] The trial court terminated Father's parental rights on the predicate grounds of his failure to comply with the court-ordered family service plan. Tex. Fam. Code § 161.001(b)(1)(O). On appeal, Mother contends that (1) the trial court's judgment is void because the court lost jurisdiction over the termination suit prior to the commencement of trial, and (2) the evidence is legally and factually insufficient to

---

[1] We use pseudonyms to refer to appellant, the child, and other family members. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8.

support the predicate ground of her failure to comply with the court-ordered family service plan.  We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Juda was born in a hospital on October 14, 2019.  Juda never went home with his Mother; the Department removed Juda directly from his parents' care at the hospital following a report of neglectful supervision.  At the time, Juda's siblings had already been removed from Mother's care.

The Department followed up by filing its original petition seeking to terminate parents' parental rights.  The lawsuit also sought temporary orders, including appointment of the Department as temporary managing conservator. The court granted this request on January 29, 2020, appointing Department as Temporary Managing Conservator of Juda.

Following a bench trial, on August 9, 2022, the trial court issued its final order terminating both parents' parental rights to Juda.  The order recites that the trial occurred in five days over an eighteen-month period: "January 28, 2021, April 14, 2021, November 2, 2021, May 5, 2022, and June 28, 2022".  The Order includes the court's findings that termination of the parent-child relationship was in Juda's best interest and the predicate ground findings under Subsection (O).  In this regard, the order states that Mother failed to comply with provisions of the court order that contained the tasks necessary for Mother to obtain the return of the child having been in the conservatorship of the Department "as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child."

During the trial of the case terminating the parental rights of his Mother, a Department caseworker testified that Juda's Mother had tested positive for marijuana during her pregnancy with Juda. Other testimony established that Juda's

siblings had been removed because Mother and the male living at the home had been using marijuana with their children present in the home.

Over Mother's objections, various documents were admitted, including a pair of documents admitted as "Exhibit 12" relating to a July 18, 2019 theft. The two documents were the sworn complaint dated October 11, 2019, with its probable cause affidavit fully redacted, and the respective indictment signed by the grand jury foreman on March 26, 2020. Each contain enhancing paragraphs, referring to two prior theft convictions stated to occur on June 25, 2015 and August 5, 2019.

On appeal, Mother first raises a jurisdictional complaint related to the commencement of trial, and secondly raises a legal and factual sufficiency complaint with respect to the court's finding under Subsection (O) where she specifically complains of the lack of evidence that the Department's removal was based on "abuse or neglect." We first address Mother's jurisdictional complaint.

## II. JURISDICTION

We first address Mother's jurisdictional challenge where she contends the trial court lost jurisdiction over the suit because the commencement of trial was a sham conducted by the court and parties to avoid application of the statutory dismissal deadline imposed by Tex. Fam. Code § 263.401.

*Further Background Related to Mother's Jurisdictional Challenge*

As proceedings began on January 28, 2021, the court announced the case, counsel for the parties introduced themselves, and the court instructed the Department's attorney to begin. The Department called Tamatha Burnett, who stated she had been the supervisor in this case about a year, that she was familiar with the parents and child and where he was placed. After a few questions, the

3

court asked, "Ms. Hernandez, we're set for trial today. Is that what you're doing?" The county attorney responded: "Yeah, I thought the plan today, Judge, was to go ahead and start and recess and then come back and get another date, so I'll just go until you stop me."

The court asked the parents' respective counsel if they were announcing ready. Both stated they were announcing not ready because their respective clients were not present but stated they had the understanding that "all we were doing is starting and recessing today." The trial court did not verbally acquiesce to that "plan", and promptly stated, "Go ahead – we're going to start trial, Ms. Hernandez, go ahead with your witness."

Burnett's testimony resumed for what amounts to roughly a page in the reporter's record. Ms. Burnett testified that the Department searched for relatives, but there were no relatives able to take the children, that a possible placement with a paternal grandmother "did not pan out," and that the Department is seeking to terminate the parents' rights. The Department's attorney then asked the court, "Do you want me to keep going, Judge?" This followed:

> The Court: Well, we've got it set from 8:30 to 9:00. So are you planning on having another witness present?
>
> [Department's Counsel]: I would do Child Advocates next, if we needed to.
>
> The Court: All right. Let me – are you passing the witness?
>
> [Department's Counsel]: For today. I don't know about for forever, but....
>
> The Court: Okay.
>
> [Department's Counsel]: I'll keep going with her if you want.
>
> The Court: Okay.
>
> [Department's Counsel]: It's up to you.
>
> [Mother's Counsel]: And, Judge, can we just go off the record real

4

brief?

The Court: Yeah, hold on just a second. Do ya'll want an attorney approach?

[Mother's Counsel]: We don't need an attorney approach, just briefly off the record, Judge.

The Court: All right. We're off the record.

When the case came back on the record, the Department's counsel announced that she was passing the witness and stated that "I'd like to just go into recess."

After a discussion about scheduling, the court asked the attorney for the child and the Child Advocate if they had any requests on behalf of the child. The attorney ad litem requested that there be no movement of the child, and the Child Advocate stated that the child was "doing great in placement." There was some additional discussion regarding parental visitation with the child, and then proceedings concluded. The question is whether trial "commenced."

*Legal Standard and Analysis*

In a suit filed by the Department seeking termination of parental rights, a trial court generally loses jurisdiction over the case on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the Department as temporary managing conservator. *See* Tex. Fam. Code Ann. § 263.401(a). Unless the trial court has commenced trial on the merits, the case is automatically dismissed on that date. *Id.* § 263.401(a). Although the statue permits trial courts to extend the automatic dismissal date, neither party contends that was done. Mother's first issue questions whether trial *actually* commenced before February 1, 2021, (the first Monday after the first anniversary of the date the court rendered a temporary order appointing the Department as temporary managing conservator). *See id.* § 263.401(b). She contends that although the termination

5

order recites that trial began on January 28, 2021, trial did not actually commence on that date.

This court has found instances where the trial court and one or more parties have feigned the commencement trial to avoid dismissal under the statute. E.g., *Interest of J.L.J.*, 645 S.W.3d 294, 295–96 (Tex. App.—Houston [14th Dist.] 2022, pet. denied). We have also considered the issue and resolved it in favor of finding jurisdiction. *Interest of Z.S.*, 631 S.W.3d 313, 319 (Tex. App.—Houston [14th Dist.] 2020, no pet.). The factors we have considered include

> Whether the putative commencement date is recited as a trial date in the final order; and

> Whether in the time between calling the case and recessing on the putative commencement date, (a) preliminary matters were addressed, (b) the parties announced "ready," (c) opening statements were made, (d) witnesses were sworn, (e) a party called a witness to testify, and (f) exhibits were admitted. (collecting cases).

*Interest of J.L.J.*, 645 S.W.3d at 295–96. Our court has also made clear that the date when trial concluded is not a controlling factor in this analysis. *Interest of Z.S.*, 631 S.W.3d 313, 319 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (explaining the focus of the analysis is the commencement of trial, not the duration or conclusion of trial). The facts of this case implicate a balance of these factors somewhere in between those in *Interest of Z.S.* and *Interest of J.L.J.* However, this case is closer to *Z.S.* and not *J.L.J.*

In *J.L.J.*, the entirety of proceedings on the first day of "trial" consisted of:

> THE COURT: The Court calls 2019-64900 to trial. Counsel, please make your announcements.

> MR. DIEU: Steven Dieu, county attorney, here for [the Department].

6

MR. RAMIREZ: John Anthony Ramirez, attorney ad litem for mother, present before the Court.

MR. FRAZIER: Judge, Steve Frazier, attorney for [Father], who is present.

MR. FARIAS: Leonel Farias, ad litem for the children, present.

THE COURT: And, Mr. Lee, can you raise your right hand? (Oath administered.)

MR. LEE: Yes, sir.

THE COURT: Thank you. Can you state your name for the record?

MR. LEE: David Lee.

THE COURT: Okay. Thank you. That was a great trial, everyone. We're in recess. We've made a lot of progress today.

*Interest of J.L.J.*, 645 S.W.3d at 296. This Court held that trial did not commence on this skimpy record. "No preliminary matters were addressed; the parties did not announce ready; no opening statements were made; and no exhibits were admitted. Moreover, no party called a witness to testify; the only witness to be sworn in and testify was called by the trial court, and the witness was asked only his name. His connection to the case was left unexplained." *Id*. When trial "resumed" two months later in April, the trial judge asked whether the parties are going to announce ready at the next setting. Three months later, in July, at the next setting, the trial judge asked whether this hearing could be treated as a pretrial and stated that "we will start up with trial on August 13th." *Id*. at 297-98. Not surprisingly, on this record, this Court concluded that trial did not "commence" on the first day. *Id*.

Today's case is much closer to *Interest of Z.S.* There, the parties signed a

7

Rule 11 agreement to reset the trial to April 15, 2019 (five days before the automatic dismissal date) and agreed to "start and stop the trial" on that date. 631 S.W.3d at 315. On April 15, the parties appeared for trial and made announcements, mother's counsel confirmed that the case would begin that morning but then be recessed to a future date. The Department called its investigator to the stand and briefly testified that she had nine years' experience and that she received allegations of neglect of the children. The trial court then recessed the trial.

On this record, this Court concluded that trial "commenced" on April 15. The parties and the trial court discussed preliminary matters, including potential objections to exhibits. The trial court decided that the admission of exhibits should be addressed with the trial was "continued and we finish up." The Department's investigator was sworn and briefly testified. "The actions show, and we thus concluded, that trial on the merits commenced on April 15, 2019." *Id*. at 318.

The record in today's case demonstrates that trial in fact commenced on Jan. 28, 2021. A witness was sworn and gave substantive testimony. When trial next resumed on Nov. 2, 2021, the trial court clearly stated that it was a resumption of trial but granted Mother's motion for continuance. When trial next resumed on May 5, 2022, the judge again stated that this was a resumption of trial, but both parents filed a motion for continuance which was granted. However, the trial court briefly heard testimony about placement of Juda. The trial then resumed and was completed on June 28, 2022. The trial court's Decree for Termination expressly stated that trial began on Jan. 28.

Appellants argue that the proceeding on Jan. 28 was a sham merely to avoid the deadline in Tex. Fam. Code 263.401. The reasoning in *Interest of Z.S.* is applicable here. There, this Court stated:

This trial started on April 15. How long it progressed before recessing, when it "stopped," or whether it "started" and "stopped" on April 15 by agreement, does not alter the conclusion that trial started for purposes of section 263.401(c) on April 15—the salient issue. Appellants suggest, plausibly, that beginning a trial only to introduce minimal evidence before recessing the proceeding indefinitely allows a termination case covered by section 263.401 to linger contrary to legislative intent. Their position is not without support. *See In re J.D.G.*, 570 S.W.3d 839, 857-60 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) (Brown, J., concurring). The legislature, however, is free to address that concern and could have done so in recent amendments by stating for example that a trial court's jurisdiction expires on a date certain unless the court signs a final order by that date. But section 263.401 requires only that trial on the merits "commence" by the deadline, and here trial commenced before that deadline and before the court lost jurisdiction.

*Id*. at 318-19.

Consistent with our precedent and considering the factors relevant to the analysis under § 263.401(b), we conclude that the trial commenced on January 28, 2023. [2]

We therefore overrule Mother's first issue.

### III. SUFFICIENCY OF EVIDENCE OF "ABUSE AND NEGLECT"

In her second issue, Mother argues the evidence is legally and factually insufficient to support termination under the predicate ground on which the court

---

[2] We disagree with the Department's contention that "there is *nothing* indicating the trial court and parties' actions were perfunctory or feigned". The record plainly shows counsel for two of the parties announced "not ready", all counsel openly indicated a plan to "start and recess", and during the brief examination of the case worker the Department's counsel seems to expect, if not desire, that the court interrupt the examination. Consistent with the parties' stated expectations, the trial court promptly recessed the hearing after brief testimony. Having slotted only a half hour for this putative first day of trial, one might question how much progress in trial the court expected to accomplish. But ultimately, we lack sufficient indication in the record showing the trial court's complicity with the parties' stated intention.

relied, subsection 161.001(b)(1)(O).

A court may terminate the parent-child relationship if the court finds by clear and convincing evidence that (1) the parent has engaged in at least one statutory predicate act and (2) termination is in the best interest of the child. *See In re N.G.*, 577 S.W.3d 230 (Tex. 2019); *see also* Tex. Fam. Code § 161.001(b).

Termination of the parent-child relationship is a drastic remedy and is of such weight and gravity that due process requires the state to justify termination by clear and convincing evidence. *In re C.H.*, 89 S.W.3d 17, 23 (Tex. 2002); *see also In re L.G.R.*, 498 S.W.3d 195, 201 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). Clear and convincing evidence is the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. Tex. Fam. Code § 101.007. This heightened burden of proof results in a heightened standard of review when evaluating the sufficiency of the evidence. *In re L.G.R.*, 498 S.W.3d at 202.

Under a legal sufficiency review, we look at all the evidence in the light most favorable to the finding to determine whether a reasonable factfinder could have formed a firm belief or conviction that the finding was true. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). We assume the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so. *Id.* We disregard all evidence that a reasonable factfinder could have disbelieved or found to have been not credible, but we do not disregard undisputed facts. *See In re Commitment of Stoddard*, 619 S.W.3d 665, 674 (Tex. 2020).

Evidence is factually insufficient if, in light of the entire record, "the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction." *In re J.F.C.*, 96 S.W.3d at 266.

To terminate parental rights pursuant to subsection (O), the Department must show that (1) the child was removed under chapter 262 of the Texas Family Code for abuse or neglect, (2) the child has been in the managing conservatorship of the Department for at least nine months, and (3) the parent "failed to comply with the provision of a court order that specifically established the actions necessary for the parent to obtain the return of the child." Tex. Fam. Code § 161.001(b)(1)(O); *Interest of C.A.L.*, No. 14-21-00543-CV, 2022 WL 553168, at *4 (Tex. App.—Houston [14th Dist.] Feb. 24, 2022, pet. denied). Mother challenges the first element of subsection (O); she does not dispute that Juda had been in the Department's custody for at least nine months or that she failed to comply with the provisions of the court ordered service plan.

To prove abuse or neglect as part of a subsection (O) determination, the Department is not required to show actual injury or harm resulted from the parent's conduct. *In re E.C.R.*, 402 S.W.3d 239, 246 (Tex. 2013). Moreover, the words abuse and neglect are "used broadly" in the context of subsection (O) and "necessarily include[ ] the risks or threats of the environment in which the child is placed." *In re E.C.R.*, 402 S.W.3d 239, 248 (Tex. 2013) (explaining that this consideration "includes the harm suffered or the danger faced by other children under the parent's care.") Thus, if a parent has neglected, sexually abused, or "otherwise endangered her child's physical health or safety," such that initial and continued removal are appropriate, the child has been removed from the parent under chapter 262 for the abuse or neglect of the child. *Interest of C.A.L.*, 2022 WL 553168, at *4, citing *In re E.C.R.*, 402 S.W.3d at 248.

To support the Department's request for the temporary removal of Juda from his Mother's care, the Department attached its caseworker's affidavit (Removal Affidavit) which provided that Mother tested positive at birth for marijuana. The

11

Affidavit also reports in summary form various criminal convictions: for illegal drug possession in 2015, and for theft in 2018. In its conclusion, the caseworker explained the basis for removal, stating that Mother knowingly used drugs "while pregnant places [Juda] at risk of harm." The affidavit also notes Mother's prior history with the Department involving removal of Mother's other children. At trial, the Department's caseworker testified

> Q. When [Juda] came into care, his siblings were already in care, correct?
>
> A. Correct.
>
> Q. And during Mom's pregnancy, she was testing positive for marijuana?
>
> A. Correct.
>
> Q. Now – [Juda] was initially -- there was an investigation when he was born, correct?
>
> A. Correct.

Mother's sufficiency argument is largely based on challenges to the court's admission of several exhibits; Mother did not challenge (or attempt to qualify) evidence relating to her drug use during pregnancy and did not challenge evidence of her prior criminal conviction. The unobjected to evidence shows that Mother was charged with theft in the aggregate for a continuing course of conduct between December of 2018 and June 2019, four months before Juda was born. She was charged with theft again in July of 2019, and convicted of the crime the following August, only two months before she gave birth to Juda. Further, the Bond Condition Violation Report admitted into evidence shows that Mother was incarcerated for some period of time as a result of her conviction, and that she was released from jail on personal bond on January 17, 2020, just before the Department was first appointed as managing conservator of Juda. The evidence of Mother's pattern of criminal conduct at the time of Juda's birth, her incarceration

after his birth, that she had exposed Juda to illegal substances during her pregnancy and was living a lifestyle risking possibility of incarceration, constituted sufficient evidence from which the trial court could have determined by clear and convincing evidence that Juda had been removed because of a substantial risk of abuse or neglect. *In re E.C.R.*, 402 S.W.3d 239, 248 (Tex. 2013) (evidence of pattern of criminal activity affecting homelife in affidavit and temporary orders sufficient to satisfy "abuse and neglect" under subsection (O)); *In Interest of H.R.T.*, No. 11-16-00055-CV, 2016 WL 4385724, at *2 (Tex. App.—Eastland Aug. 12, 2016, no pet.)(holding that evidence of illegal drug use and arrests while pregnant supported that the child was removed for abuse or neglect under subsection (O)); *see also In re S.M.R.*, 434 S.W.3d 576, 583 (Tex. 2014)(finding department satisfied "abuse and neglect" component of subsection (O) in part based on parent's incarceration and absence and inability to provide caretaker with financial resources).

Considered in the light most favorable to the trial court's finding, the evidence is legally sufficient to support the trial court's determination that termination of Mother's parental rights was justified under section 161.001(b)(1)(O). Further, in view of the entire record, we conclude the evidence to the contrary is not so significant as to prevent the trial court from forming a firm belief or conviction that termination was warranted under section 161.001(b)(1)(O). Accordingly, we conclude the evidence is legally and factually sufficient to support the subsection (O) finding.

We therefore overrule Mother's second issue.

### III. CONCLUSION

Having overruled both of Mother's two issues, we affirm the trial court's judgment terminating her parental rights to Juda.

13

/s/ Randy Wilson
Justice

Panel consists of Chief Justice Christopher and Justices Bourliot and Wilson.