# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-22-00661-CV

---

**J. B. M. H. and Y. C. B., Appellants**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

**FROM THE 274TH DISTRICT COURT OF HAYS COUNTY
NO. 21-0825, THE HONORABLE JOHN FRANKLIN PHILLIPS, JUDGE PRESIDING**

---

### C O N C U R R I N G   O P I N I O N

Because precedent allows this Court to address appellants' challenges only to the trial court's endangerment findings under subsection (D), I concur in the Court's judgment affirming the termination of appellants' parental rights. *See A.C. v. Texas Dep't of Fam. & Protective Servs.*, 577 S.W.3d 689, 698 n.2 (Tex. App.—Austin 2019, pet. denied) (stating that "appellate court is required to ensure that the evidence is sufficient to support at least one of [subsection (D) or (E)] grounds"); *see also* Tex. Fam. Code § 161.001(b)(1)(D) (addressing endangering conditions or surroundings), (E) (addressing endangering conduct). I agree with the Court that the evidence is sufficient to support the trial court's subsection (D) findings.

I write separately, however, to express concerns with the Court's decision to forego analysis of the trial court's subsection (E) findings. *See In re S.V.*, No. 13-20-00329-CV, 2021 Tex. App. LEXIS 455, at *24 n.4 (Tex. App.—Corpus Christi–Edinburg Jan. 21, 2021, pet.

denied) (mem. op.) (addressing sufficiency of evidence to support both (D) and (E) findings out of abundance of caution).[1]

First, declining to address appellants' challenges to the subsection (E) findings raises due process concerns. As the Texas Supreme Court has explained:

> [D]ue process requires that the appeal be meaningful. *See In re S.K.A.*, 236 S.W.3d 875, 890 (Tex. App.—Texarkana 2007, pet. denied) (citing generally *Douglas v. California*, 372 U.S. 353, 358 (1963)).
>
> When due process requires the heightened standard for termination of parental rights by clear and convincing evidence, it follows that due process also requires a heightened standard of review of a trial court's finding under section 161.001(b)(1)(D) or (E), even when another ground is sufficient for termination, because of the potential consequences for parental rights to a different child. A parent may be denied the fundamental liberty interest in parenting only after they have been provided due process and due course of law, and terminating parental rights based on a challenged, unreviewed section 161.001(b)(1)(D) or (E) finding runs afoul of this principle. *See* U.S. Const. Amend. XIV, § 1; Tex. Const. art. I,

---

[1] *See, e.g.*, *H.G. v. Texas Dep't of Fam. & Protective Servs.*, No. 03-22-00373-CV, 2022 Tex. App. LEXIS 8621, at *20–23 (Tex. App.—Austin Nov. 23, 2022, no pet.) (mem. op.) (concluding that evidence was sufficient to support jury's findings under subsections (D) and (E)); *In re K.B.*, No. 05-19-00700-CV, 2019 Tex. App. LEXIS 9388, at *7–8 (Tex. App.—Dallas Oct. 25, 2019, no pet.) (mem. op.) (concluding that evidence was sufficient to support trial court's findings under subsections (D) and (E)); *S.W. v. Texas Dep't of Fam. & Protective Servs.*, No. 03-22-00239-CV, 2022 Tex. App. LEXIS 7395, at *51–55 (Tex. App.—Austin Oct. 5, 2022, no pet.) (mem. op.) (same); *In re L.C.*, No. 12-19-00137-CV, 2019 Tex. App. LEXIS 8721, at *27 (Tex. App.—Tyler Sept. 27, 2019, no pet.) (mem. op.) (same); *In re E.F.Z.*, No. 04-19-00169-CV, 2019 Tex. App. LEXIS 7800, at *3, *8–9 (Tex. App.—San Antonio Aug. 28, 2019, no pet.) (mem. op.) (stating that appellate courts are mandated to address issues challenging findings under subsections (D) and (E) and concluding that evidence was sufficient under both grounds); *In re E.A.R.*, 583 S.W.3d 898, 907–11 (Tex. App.—El Paso 2019, pet. denied) (stating that appellate court must address sufficiency challenges directed at subsections (D) and (E) and concluding that evidence was sufficient under both grounds); *In re A.B.-G.*, No. 02-19-00066-CV, 2019 Tex. App. LEXIS 6981, at *24 & n.5 (Tex. App.—Fort Worth Aug. 8, 2019, pet. denied) (mem. op.) (addressing subsections (D) and (E) "out of an abundance of caution" and concluding that evidence was sufficient under both grounds); *In re M.D.M.*, 579 S.W.3d 744, 768 (Tex. App.—Houston [1st Dist.] 2019, no pet.) (concluding that evidence was sufficient to support trial court's findings under subsections (D) and (E)); *In re D.C.*, No. 06-18-00114-CV, 2019 Tex. App. LEXIS 4865, at *20–26 (Tex. App.—Texarkana June 13, 2019, no pet.) (mem. op.) (same).

§ 19. When a parent has presented the issue on appeal, an appellate court that denies review of a section 161.001(b)(1)(D) or (E) finding deprives the parent of a meaningful appeal and eliminates the parent's only chance for review of a finding that will be binding as to parental rights to other children.

\* \* \*

[B]ecause section 161.001(b)(1)(M) alone provides a sufficient basis to terminate parental rights based on a previous section 161.001(b)(1)(D) or (E) finding, the due process concerns, coupled with the requirement for a meaningful appeal, mandate that if a court of appeals affirms the termination on either of these grounds, it must provide the details of its analysis. *See* U.S. Const. Amend. XIV, § 1; Tex. Const. art. I, § 19. *See generally In re S.K.A.*, 236 S.W.3d at 890 (explaining that a parent deserves a meaningful appeal of termination of her parental rights). We hold that due process and due course of law requirements mandate that an appellate court detail its analysis for an appeal of termination of parental rights under section 161.001(b)(1)(D) or (E) of the Family Code.

*In re N.G.*, 577 S.W.3d 230, 235–37 (Tex. 2019) (citations omitted); *see In re L.G.*, 596 S.W.3d 778, 780 (Tex. 2020) (discussing its holding in *In re N.G.* and explaining that due process requires court of appeals to review challenged subsections (D) and (E) findings and "detail its analysis"); *In re N.G.*, No. 05-17-01255, 2019 Tex. App. LEXIS 8043, at \*18 (Tex. App.—Dallas Aug. 30, 2019, pet. denied) (concluding on remand that evidence was sufficient to terminate mother's parental rights under subsections (D) and (E)).

By choosing to review the trial court's subsection (E) findings, we would be ensuring that appellants receive a meaningful appeal and precluding potential collateral consequences of an unreviewed endangerment finding in the context of a future case concerning another child, consequences that include—but are not limited to—providing the basis to terminate a parent's rights to other children. *See* Tex. Fam. Code § 161.001(b)(1)(M), (2); *C.A.C. v. Texas Dep't of Fam. & Protective Servs.*, No. 03-20-00563-CV, 2021 Tex. App. LEXIS 1475, at \*18 (Tex. App.—Austin Mar. 2, 2021, no pet.) (mem. op.) ("[E]vidence presented to satisfy the predicate-ground finding may also be probative of the child's best

interest."); *In re A.R.*, No. 01-21-00263-CV, 2021 Tex. App. LEXIS 8336, at *11–12 (Tex. App.—Houston [1st Dist.] Oct. 14, 2021, pet. denied) (addressing "collateral consequences of endangerment findings" because of subsection (M) and stating that because appellant had parental rights terminated as to another child on endangerment grounds, inference is permitted in context of best-interest analysis that past conduct may recur).

Conversely, if we end our review of the trial court's termination findings having reviewed only its subsection (D) findings and affirm the trial court's final order of termination containing findings under both subsections (D) and (E), the resulting order "terminat[es] parental rights based on a challenged, unreviewed section 161.001(b)(1)(D) or (E) finding," which the supreme court has said "runs afoul" of due process requirements. *In re N.G.*, 577 S.W.3d at 235–37; *cf. In re N.N.M.*, No. 04-19-00369-CV, 2020 Tex. App. LEXIS 6632, at *1–2, *13–21 (Tex. App.—San Antonio Aug. 19, 2020, no pet.) (mem. op.) (addressing challenges to subsection (D) and (E) findings, modifying trial court's judgment to delete subsection (D) finding because evidence was legally insufficient, and affirming judgment of termination as modified based on subsection (E) finding).

Second, addressing appellants' challenges to the endangerment findings under subsections (D) and (E) is in the children's best interest. This approach ensures the most expeditious path to the final resolution of the case, limiting the potential for remand from the higher court and resulting delay of providing the children with a stable, permanent home. *Cf. In re L.G.*, 596 S.W.3d at 780–81 (concluding that "court of appeals erred in failing to detail its analysis of the challenged findings under section 161.001(b)(1)(D) and (E)" and remanding to court of appeals for further proceedings); *In re M.P.*, 639 S.W.3d 700, 704 (Tex. 2022) (holding that court of appeals erred in remanding to trial court when it found that evidence was sufficient

4

under subsection (O) but factually insufficient under subsection (D) and (E) and explaining that proper remedy was to affirm termination under (O) and "strike the (D) and (E) findings"); *see, e.g.*, *J.M. v. Texas Dep't of Fam. & Protective Servs.*, No. 03-22-00435-CV, 2023 Tex. App. LEXIS 268, at *27 (Tex. App.—Austin Jan. 17, 2023, no pet.) (mem. op.) (observing that child's need for permanence through establishment of stable, permanent home is paramount consideration in best interest determination); *In re F.M.E.A.F.*, 572 S.W.3d 716, 726 (Tex. App.—Houston [14th Dist.] 2019, pet. denied) ("A child's need for permanence through the establishment of a stable, permanent home is the paramount consideration in a best-interest determination.").

For these reasons, I concur in the judgment.

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Triana and Theofanis

Filed:   April 13, 2023

5