

## Fourth Court of Appeals

### San Antonio, Texas

**CONCURRING OPINION**

No. 04-24-00125-CV

**IN THE INTEREST OF F.S.F.**, a Child

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2022-PA-01896
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:     Rebeca C. Martinez, Chief Justice
Concurring Opinion by: Irene Rios, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Irene Rios, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: August 14, 2024

I agree there is sufficient evidence supporting the trial court's best interest determination and finding under subsection 161.001(b)(1)(E). *See* TEX. FAM. CODE ANN. §§ 161.001(b)(1)(E), (b)(2). I also conclude there is sufficient evidence to support the trial court's subsection 161.001(b)(1)(D) finding. *See id.* § 161.001(b)(1)(D); *In re B.R.*, No. 02-11-00146-CV, 2011 WL 5515502, at *3–4 (Tex. App.—Fort Worth Nov. 10, 2011, no pet.) (mem. op.) (concluding Mother's drug use while pregnant coupled with incarceration during the pendency of the case was sufficient to support the trial court's subsection (D) and (E) findings). However, Chief Justice Martinez's opinion does not address statutory ground (D). I write separately to express concerns with the decision to forgo analysis of the trial court's finding under statutory ground (D).

Subsection 161.001(b)(1)(M) of the Texas Family Code provides that parental rights may be terminated if clear and convincing evidence supports that the parent "had his or her parent-child

relationship terminated with respect to another child based on a finding that the parent's conduct was in violation of Paragraph (D) or (E) . . . ." TEX. FAM. CODE ANN § 161.001(b)(1)(M). "Therefore, when parental rights have been terminated under either section 161.001(b)(1)(D) or (E), that ground becomes a basis to terminate that parent's rights to other children." *In re N.G.*, 577 S.W.3d 230, 234 (Tex. 2019). "Because only one ground is required to terminate parental rights—and therefore a section 161.001(b)(1)(M) ground based on a prior termination would be sufficient to terminate parental rights to another child in another termination proceeding—the collateral consequences of terminating parental rights under section 161.001(b)(1)(D) or (E) are significant." *Id.* "When a parent has presented the issue on appeal, an appellate court that denies review of a section 161(b)(1)(D) or (E) finding deprives the parent of a meaningful appeal and eliminates the parent's only chance for review of a finding that will be binding as to parental rights to other children." *Id.* at 235. Accordingly, the supreme court held due process concerns mandate that if a court of appeals affirms the termination on either of these grounds, it must provide the details of its analysis. *Id.* at 237.

Here, Chief Justice Martinez provides a detailed analysis of ground (E) but not ground (D). However, this court does not only affirm on ground (E), its judgment affirms the entire termination order, which includes the trial court's finding on the challenged but unreviewed ground (D). "Allowing section 161.001(b)(1)(D) or (E) findings to go unreviewed on appeal when the parent has presented the issue to the court . . . violates the parent's due process and due course of law rights." *Id.* at 237. In this appeal, Mother challenges the trial court's (D) and (E) findings. Thus, I believe the court's failure to review ground (D) runs afoul of due process and due course of law. *See id.* at 235 ("A parent may be denied the fundamental liberty interest in parenting only after they have been provided due process and due course of law, and terminating parental rights based on a challenged, unreviewed section 161.001(b)(1)(D) or (E) finding runs afoul of this principle.").

Mother could potentially suffer a collateral consequence that violates her due process rights if a trial court in the future terminated her rights to other children using ground (M) alone based on the unreviewed ground (D) in this case. In that scenario, Mother's fundamental liberty interest in parenting would be denied without due process and due course of law because the future termination would be based on a challenged, unreviewed subsection 161.001(b)(1)(D) finding in this appeal. *See id.*

The reason not to address an additional endangerment ground when one has already been reviewed and affirmed might seem logical considering we are to hand down "a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal." *See* TEX. R. APP. P. 47.1. However, the supreme court in *In re N.G.* concluded "that the parent's fundamental liberty interest at stake outweighs the state's interest in deciding only what is necessary for final disposition of the appeal." *N.G.*, 577 S.W.3d at 237. Therefore, if challenged on appeal, we should address the sufficiency of the evidence to support the trial court's findings under both grounds (D) and (E) even when we determine there is sufficient evidence of a single termination ground. *See In re L.G.*, 596 S.W.3d 778, 781 (Tex. 2020) (emphasis added) ("Consistent with *In re N.G.*, 577 S.W.3d at 235–36, we conclude that the court of appeals erred in failing to detail its analysis of the challenged findings under section 161.001(b)(1)(D) *and* (E)."); *In re D.J.R.*, No. 04-23-00568-CV, 2023 WL 8246666, at *2 (Tex. App.—San Antonio Nov. 29, 2023, no pet.) (mem. op.) ("[E]ven though the trial court's unchallenged findings under subsections (N) and (O) may support its termination order, we must still consider [Mother's] issues relating to the sufficiency of the evidence to support the trial court's findings under subsections (D) and (E)" because "termination findings under subsections (D) and (E) may serve as the basis for a future termination of parental rights proceeding").

Chief Justice Martinez opines *In re I.C.*, No. 04-23-00954-CV, 2024 WL 1543302 (Tex. App.—San Antonio Apr. 10, 2024, no pet.) (mem. op.), is the only precedent from this court to explicitly consider whether a detailed analysis under both (D) and (E) is required. However, she fails to recognize that three years prior to *In re I.C.*'s issuance, this court acknowledged the necessity to review challenged (D) and (E) findings on appeal even when parental rights to other children have already been terminated on previously reviewed (D) and (E) findings. *See In re M.K.V.*, 648 S.W.3d 478, 485 (Tex. App.—San Antonio 2021, no pet.) ("Even recognizing that a parent may have a previous reviewed finding under subsections (D) and (E) against them, any challenged but unreviewed findings under subsections (D) and (E) could create a future risk of a due process violation[, and] [f]or that reason, we review the trial court's findings under subsections (D) and (E)."). Chief Justice Martinez's reasoning that the unreviewed (D) finding in this case does not increase the collateral consequences of that finding is irreconcilable with this court's prior conclusion that any unreviewed but challenged findings under subsections (D) and (E) would create a future risk of a due process violation. *See id.* She fails to explain why this court would require review of (D) and (E) findings in a subsequent appeal even when there are previously reviewed (D) and (E) findings in a prior appeal, yet not be required to review a challenged (D) finding in the same appeal simply because the court affirmed the sufficiency of the evidence on the challenged (E) finding. I cannot reconcile Chief Justice Martinez's opinion in this appeal or the holding in *In re I.C.* with this court's prior holding in *In re M.K.V.*[1] *See Mitschke v. Borromeo*, 645 S.W.3d 251, 257 (Tex. 2022) ("If one appellate panel decides a case, and another panel of the

---

[1] To support her position, Chief Justice Martinez also cites *In re X.J.R.*, No. 04-20-00368-CV, 2021 WL 112175, at *3 (Tex. App.—San Antonio Jan. 13, 2021, pet. denied) (mem. op.). Notably, the *X.J.R.* court provided a detailed analysis on grounds (D) and (E). The reliance on *X.J.R.* is puzzling.

same court differently resolves a materially indistinguishable question in contravention of a holding in the prior decision, the second panel has violated the foundational rule of *stare decisis*.").

Chief Justice Martinez also puts much emphasis on the supreme court's use of the disjunctive word "or" throughout its opinion in *In re N.G.* She opines the supreme court referred to review of "(D) or (E)" throughout *In re N.G.* because review of either ground is sufficient to satisfy due process concerns. I disagree.

The supreme court repeatedly used the disjunctive word "or" throughout its analysis of *In re N.G.* because we are required to review termination of the endangerment grounds only when they are challenged on appeal. However, if the trial court only made a finding on subsection (D), we of course would not analyze subsection (E) findings because subsection (E) findings would not be challenged on appeal. Likewise, if the trial court made a finding on both endangerment grounds, yet the parent only challenged one of those endangerment grounds, we would only review the challenged ground. The supreme court's use of the word "or" created flexibility to accommodate every situation where either a subsection (D) finding alone, a subsection (E) finding alone, or both subsections (D) and (E) findings were challenged on appeal. The parent in *In re N.G.* challenged the trial court's findings under both subsections (D) and (E). *N.G.*, 577 S.W.3d at 233; *see also In re N.G.*, 575 S.W.3d 370, 376 (Tex. App.—Dallas 2018), *rev'd*, 577 S.W.3d 230 (Tex. 2019). Significantly, in its application of the new precedent, the supreme court in *In re N.G.* concluded that the court of appeals "erred in failing to review the legal and factual sufficiency of the evidence to support section 161.001(b)(1)(D) *and* (E) findings as grounds for termination . . . ." *N.G.*, 577 S.W.3d at 239 (emphasis added)[2]; *see also L.G.*, 596 S.W.3d at 781.

---

[2] The Dallas Court of Appeals reviewed both grounds (D) and (E) on remand even though it recognized that only one statutory ground under section 161.001(b)(1) of the Texas Family Code is necessary. *See In re N.G.*, No. 05-17-01255-CV, 2019 WL 4126496, at *4–7 (Tex. App.—Dallas Aug. 30, 2019, pet. denied) (mem. op.).

I am not persuaded by Chief Justice Martinez's reliance on *In re C.E.*, 687 S.W.3d 304 (Tex. 2024). In that case, the Fort Worth Court of Appeals determined the evidence was insufficient to terminate the mother's parental rights on grounds (D) and (E).[3] *In re C.E.*, No. 02-22-00285-CV, 2023 WL 170762, at *1 (Tex. App.—Fort Worth Jan. 12, 2023), *rev'd*, 687 S.W.3d 304 (Tex. 2024). The supreme court reversed the court of appeals, holding there was sufficient evidence to terminate on ground (E) and declined to address the sufficiency of the evidence on ground (D), a ground already reviewed by the court of appeals. *See C.E.*, 687 S.W.3d at 314. *In re C.E.* may seem on point with this case. However, that case is both factually and procedurally distinguishable from the case before us.

First, the Department filed the petition for discretionary review in *In re C.E.*, not the parent. When the parent challenges subsection (D) or (E) findings, due process requires we review those findings. *See N.G.*, 577 S.W.3d at 237 (emphasis added) ("Allowing section 161.001(b)(1)(D) or (E) findings to go unreviewed on appeal *when the parent has presented the issue to the court* thus violates the parent's due process and due course of law rights."). The same cannot be said when the Department challenges those findings.

Second, in *In re C.E.*, the supreme court did not address the court of appeals' prior holding that the evidence was insufficient to support subsection (D). *See C.E.*, 687 S.W.3d at 314. Instead, after concluding there was sufficient evidence under subsection (E), the supreme court remanded the case to the court to address the "remaining issues *that the court of appeals did not address*." *Id.* (emphasis added). Thus, the supreme court left intact the court of appeals' holding under subsection (D) and directed the court of appeals to consider only the issues it had not previously considered. Therefore, the court of appeals' subsection (D) holding was not affected and will

---

[3] Though not relevant here, the court of appeals also determined there was insufficient evidence on ground (O). *See In re C.E.*, 687 S.W.3d 304, 307 (Tex. 2024).

presumably remain for purposes of the court of appeals' analysis on remand. Accordingly, subsection (D) was not left unreviewed, and *In re N.G.*'s requirement to review both subsections (D) and (E) was served.

While Chief Justice Martinez emphasizes the supreme court's decision not to address the trial court's subsection (E) findings in *In re C.E.*, she fails to explain why Justice Bland stated the supreme court must review both subsections (D) and (E) in *In re R.R.A.*, 687 S.W.3d 269, 279 (Tex. 2024), an opinion that was issued after *In re C.E.*[4] *See In re R.R.A.*, 687 S.W.3d 269, 279 (Tex. 2024) ("Although termination under (P) is sufficient to reverse the judgment of the court of appeals, we must also review termination under subsections (D) and (E) because a finding of termination under those grounds may justify termination of parental rights to other children under subsection (M).").

I agree with the court's judgment affirming the trial court's termination order. But because Mother's fundamental liberties to parent children are at stake, I believe we must address the sufficiency of the evidence under both challenged grounds (D) and (E). Notably, since the supreme court issued *In re N.G.*, this court has repeatedly reviewed the sufficiency of the evidence supporting both endangerment grounds when they have been challenged on appeal.[5] *See In re*

---

[4] *Compare In re C.E.*, 687 S.W.3d at 314 (holding, in an opinion issued on March 1, 2024, that "[h]aving found sufficient evidence to uphold the termination of Mother's parental rights under paragraph (E), we need not address paragraph (D)"), *with In re R.R.A.*, 687 S.W.3d 269, 281 (Tex. 2024) (emphasis added) (holding, in an opinion issued on March 22, 2024, "that legally sufficient evidence supports the trial court's determination that Father's conduct endangered the children under (D) *and* (E)").

[5] *See In re E.S.P.*, No. 04-23-00956-CV, 2024 WL 1642926, at *2 (Tex. App.—San Antonio Apr. 17, 2024, pet. denied) (mem. op.) ("[B]ecause termination under subsection 161.001(b)(1)(D) or (E) may have implications for a parent's parental rights to other children, . . . we will consider Mother['s] and Father's sufficiency argument as to subsections (D) and (E) even though they do not challenge termination under subsections (N) . . . , (O) . . . , and (P) . . . ."); *In re I.F.E.-G.*, No. 04-22-00755-CV, 2023 WL 3856733, at *2 (Tex. App.—San Antonio June 7, 2023, no pet.) (mem. op.) ("When a parent challenges findings under subsection (D) and/or subsection (E), we must address those grounds even if there are other predicate grounds because of the potential future consequences of parental rights to another child."); *In re A.L.S.*, 660 S.W.3d 257, 263 (Tex. App.—San Antonio 2022, pet. denied) (providing appellate courts must address a parent's challenges to subsections (D) and (E) "because termination under subsections (D) or (E) may have implications for a parent's parental rights to other children"); *In re N.M.R.*, No. 04-22-00032-

*K.A.W.*, No. 04-22-00724-CV, 2023 WL 2672876, at *3 (Tex. App.—San Antonio Mar. 29, 2023, no pet.) (mem. op.) ("Although Mother does not challenge predicate ground (O), Mother's due process and due course of law rights require that we consider Mother's issue as to the trial court's findings under grounds (D) and (E) because these findings may impact future termination proceedings."); *In re J.C.*, No. 04-21-00421-CV, 2022 WL 379957, at *2 (Tex. App.—San Antonio Feb. 9, 2022, pet. denied) (mem. op.) (same). *But see In re I.C.*, No. 04-23-00954-CV, 2024 WL 1543302, at *3 (Tex. App.—San Antonio Apr. 10, 2024, no pet.) (mem. op.)[6] (declining to address subsection (D) when holding there is sufficient evidence to support the trial court's subsection (E) finding despite an entire progeny of caselaw from this court requiring review of both endangerment grounds when challenged on appeal).

---

CV, 2022 WL 3640223, at *3 (Tex. App.—San Antonio Aug. 24, 2022, pet. denied) (mem. op.) ("When challenged, due process requires us to review the trial court's findings under both [sub]sections 161.001(b)(1)(D) and (E) . . . ."); *In re B.N.D.*, No. 04-21-00286-CV, 2021 WL 6127883, at *2 (Tex. App.—San Antonio Dec. 29, 2021, no pet.) (mem. op.) ("Because of the potential future consequences of an endangerment finding for parental rights to another child, we begin by addressing the sufficiency of the evidence to support the trial court's findings under subsections (D) and (E)."); *In re X.J.R.*, No. 04-20-00368-CV, 2021 WL 112175, at *3 (Tex. App.—San Antonio Jan. 13, 2021, pet. denied) (mem. op.) ("Because grounds (D) and (E) implicate due process and due course of law requirements, we 'must provide the details of [our] analysis' for either of these grounds which we affirm." (quoting *N.G.*, 577 S.W.3d at 237)); *In re L.P.*, No. 04-20-00140-CV, 2020 WL 5027385, at *7 (Tex. App.—San Antonio Aug. 26, 2020, pet. denied) (mem. op.) (analyzing both grounds (D) and (E)); *In re I.N.D.*, No. 04-20-00121-CV, 2020 WL 2441375, at *2–4 (Tex. App.—San Antonio May 13, 2020, pet. denied) (mem. op.) (holding we must review the sufficiency of the evidence supporting the trial court's findings under both subsections (D) and (E) "because termination on an endangerment ground may later be used to terminate parental rights to another child . . . ."); *In re C.W.*, No. 04-18-00249-CV, 2020 WL 2044635, at *1 (Tex. App.—San Antonio Apr. 29, 2020, no pet.) (mem. op.) ("On May 17, 2019, the supreme court held in *In re N.G.*, 577 S.W.3d 230, 235 (Tex. 2019), that 'even when another ground is sufficient for termination, because of the potential consequences for parental rights to a different child,' if a parent presents issues on appeal relating to the trial court's findings pursuant to subsections (D) and (E), an appellate court must address those issues."); *In re A.B.R.*, No. 04-19-00631-CV, 2020 WL 1159043, at *2 (Tex. App.—San Antonio Mar. 11, 2020, pet. denied) (mem. op.) (holding we must address appellant's challenges to the trial court's subsections (D) and (E) findings because they may have implications for a parent's parental rights to other children); *In re N.N.M.*, No. 04-19-00369-CV, 2019 WL 5196399, at *2 (Tex. App.—San Antonio Oct. 16, 2019, no pet.) (mem. op.) ("Given [*In re N.G.*'s] holding by the supreme court, we must consider whether an arguable ground for appeal exists with respect to subsections (b)(1)(D) and (E)."); *In re E.F.Z.*, No. 04-19-00169-CV, 2019 WL 4044030, at *1 (Tex. App.—San Antonio Aug. 28, 2019, no pet.) (mem. op.) (reviewing subsections (D) and (E) in a consolidated analysis because "appellate courts are mandated to address issues raised on appeal challenging a trial court's findings under those subsections").

[6] *In re I.C.* was also authored by Chief Justice Martinez.

Because the court only addresses the sufficiency of the evidence supporting ground (E) when the sufficiency of the evidence supporting ground (D) was also challenged on appeal, I concur in the judgment only.

Irene Rios, Justice