

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-24-00402-CV

_____

IN THE INTEREST OF A.M., A CHILD

On Appeal from the 237th District Court
Lubbock County, Texas
Trial Court No. DC-2023-FM-0711, Honorable Kelley Tesch, Presiding

May 1, 2025

## ORDER OF ABATEMENT AND REMAND

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Father, appeals the trial court's order terminating his parental rights to his child, A.M.[1]  Appointed counsel for Father has filed an *Anders*[2] brief in support of a motion to withdraw, representing there are no meritorious issues to present on appeal. Because we find potentially meritorious grounds for relief, we grant counsel's motion to withdraw, and he is relieved as Father's appellate attorney of record.  We abate this

---

[1] To protect the privacy of the parties involved, we will refer to the appellant as "Father," and to the children by initials.  *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b).  Mother's parental rights were also terminated by the Department, but she did not file a notice of appeal.

[2] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

appeal and remand to the trial court for appointment of new counsel to address potential meritorious issues.

To terminate the parent-child relationship, courts must find both a statutory predicate ground and that termination serves the child's best interest. *See* TEX. FAM. CODE ANN. § 161.001(b)(1), (2). While proving just one predicate ground suffices for that child when paired with a best-interest finding,[3] the Texas Supreme Court requires special review of adverse findings under §§ 161.001(b)(1)(D) or (E)—the endangerment grounds. *In re M.P.,* 639 S.W.3d 700, 703 (Tex. 2022) (per curiam). These grounds can serve as the basis for terminating rights to other children. TEX. FAM. CODE ANN. § 161.001(b)(1)(M); *In re N.G.*, 577 S.W.3d 230, 235 (Tex. 2019) (per curiam). In other words, even when other predicate grounds would suffice for termination in this case, we must still review findings that a parent violated subsections (D) or (E) due to their potential consequences in future proceedings. Here, although Father's counsel concluded the evidence sufficiently established Father's noncompliance with subsection (O) (failure to follow court-ordered reunification plan), counsel failed to address the evidence regarding the trial court's endangerment findings. Our own review identifies non-frivolous arguments regarding them.

We therefore remand this appeal to the trial court. Due to the time-sensitive nature of parental termination appeals, the trial court shall immediately appoint new counsel to represent Father. The name, address, email address, telephone number, and State Bar of Texas identification number of newly-appointed counsel shall be provided to the Clerk

---

[3] *In re M.P.*, 639 S.W.3d 700, 703 (Tex. 2022) (per curiam).

of this Court. The trial court shall execute findings of fact and conclusions of law, and shall cause its findings, conclusions, and any necessary orders to be included in a supplemental clerk's record to be filed with the Clerk of this Court by May 7, 2025.

The trial court is directed to order newly-appointed counsel to file an appellant's brief developing the aforementioned issues and any other issues based on the grounds and best-interest finding in the order of termination that might support Father's appeal. Father's appellate brief shall be due twenty days from the date of the trial court's order appointing new counsel. *See* TEX. R. APP. P. 38.6(a). The Department's brief, if any, shall be filed twenty days following the filing of Father's brief. *Id.* at 38.6(b). By this order, we express no opinion on the merit of any issues or potential issues the record may present.

It is so ordered.

Per Curiam